**Cecil DUDGEON, Plaintiff–Appellant,**

v.

**Kelly CUNNINGHAM, Superintendent; et al., Defendants–Appellees.**

**No. 10–36109.**

United States Court of Appeals, Ninth Circuit.

Submitted: April 20, 2011.*

Filed: April 27, 2011.

Cecil Dudgeon, Steilacoom, WA, pro se.

Megan Elizabeth Carper, Assistant Attorney General, Donna J. Hamilton, Esquire, Assistant Attorney General, William M. Van Hook, Esquire, Assistant Attorney General, AGWA–Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM ***

Cecil Dudgeon, who is civilly committed as a sexually violent predator to the Special Commitment Center ("SCC") pursuant to Wash. Rev.Code 71.09, appeals pro se the district court's denial of his request for a preliminary injunction which sought to enjoin SCC officials from censoring Dudgeon's incoming mail. In his 42 U.S.C. § 1983 action, Dudgeon alleged that officials violated his First Amendment and due process rights by confiscating a calendar which contained photographs of his family.

We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

We express no view on the merits of the complaint. Our sole inquiry is whether the district court abused its discretion in denying preliminary injunctive relief. *The Lands Council v. McNair,* 537 F.3d 981, 986 (9th Cir.2008); *see Winter v. Natural Resources Defense Council,* 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) (listing factors for district court to consider); *Sports Form, Inc. v. United Press Int'l, Inc.,* 686 F.2d 750, 752–53 (9th Cir. 1982) (explaining limited scope of review). We conclude the district court did not abuse its discretion. Accordingly, we affirm the district court's order denying the preliminary injunction.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.